IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTINE LEE WILLIAMSON,                    09-CV-6156-BR

        Plaintiff,                       OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant

KATHRYN TASSINARI
ROBERT A. BARON
Harder Wells Baron & Manning, PC
474 Willamette Street
Suite 200
Eugene, OR 97401
(541) 343-4527

        Attorneys for Plaintiff

DWIGHT HOLTON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**L. JAMALA EDWARDS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

       Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Christine Lee Williamson seeks judicial review of

a final decision of the Commissioner of the Social Security

Administration (SSA) in which he denied Plaintiff's application

for Supplemental Security Income (SSI) under Title XVI of the

Social Security Act.  This Court has jurisdiction to review the

Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **AFFIRMS** the

decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

     Plaintiff filed her application for SSI on October 4, 2005,

and alleged a disability onset date of December 31, 1997.

Tr. 92-94.[1]  The application was denied initially and on

reconsideration.  Tr. 81.  An Administrative Law Judge (ALJ) held

---

     [1] Citations to the official transcript of record filed by
the Commissioner on November 12, 2009, are referred to as "Tr."

a hearing on March 20, 2008.  At the hearings, Plaintiff was represented by an attorney.  Plaintiff, lay witness Diane Brending, and a vocational expert (VE) testified.  Tr. 20-64.

The ALJ issued a decision on May 30, 2008, in which he found Plaintiff is not entitled to benefits.  Tr. 6-19.  That decision became the final decision of the Commissioner on April 9, 2009, when the Appeals Council denied Plaintiff's request for review. Tr. 1-4.

## BACKGROUND

Plaintiff was born on July 13, 1959, and was 48 years old at the time of the hearing.  Tr. 38.  Plaintiff completed eleventh grade.  Tr. 43, 456.  Plaintiff has past relevant work experience as a housekeeper.  Tr. 123.

Plaintiff alleges she is disabled due to panic disorder, post-traumatic stress disorder (PTSD), arthritis, scoliosis, and hepatitis C.  Tr. 98.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 11-13.

## STANDARDS

The initial burden of proof rests on the claimant to

3 - OPINION AND ORDER

establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005). To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of
developing the record. *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001). The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Robbins,*

466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416,920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a

number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since her application date of September 27, 2005. Tr. 11.

At Step Two, the ALJ found Plaintiff has the severe impairments of PTSD, panic disorder, history of depression, history of polysubstance abuse, and personality disorder. Tr. 11.

7 - OPINION AND ORDER

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:  She is unable "to consistently follow detailed or complex instructions[;] . . . to consistently engage in ongoing, cooperative, interactive teamwork endeavors[;] . . . [and] to interact appropriately with the general public."  Tr. 14.  The ALJ also found Plaintiff should not work around dangerous hazards.  Tr. 14.

At Step Four, the ALJ found Plaintiff was capable of performing her past relevant work.  Tr. 17.

At Step Five, the ALJ found even if Plaintiff was not capable of performing her past relevant work, Plaintiff could perform other jobs that exist in significant numbers in the national economy.  Tr. 19.  Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony; (2) improperly rejected the opinion of Judith Eckstein, Ph.D., examining psychologist; and (3) gave only limited weight to the opinion of Plaintiff's case

8 - OPINION AND ORDER

manager, Diane Brending.

**I.    The ALJ did not err when he rejected Plaintiff's testimony
      as to the intensity, persistence, and limiting effects of
      her impairments.**

Plaintiff alleges the ALJ erred when he failed to provide
clear and convincing reasons for rejecting Plaintiff's testimony
as to the intensity, persistence, and limiting effects of her
impairments.

In *Cotton v. Bowen,* the Ninth Circuit established two
requirements for a claimant to present credible symptom
testimony:  The claimant must produce objective medical evidence
of an impairment or impairments, and she must show the impairment
or combination of impairments could reasonably be expected to
produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th
Cir. 1986).  The claimant, however, need not produce objective
medical evidence of the actual symptoms or their severity.
*Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if he provides clear and
convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th
Cir. 1995)).  General assertions that the claimant's testimony is
not credible are insufficient.  *Id*.  The ALJ must identify "what
testimony is not credible and what evidence undermines the

claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's medically determinable impairments reasonably could be "expected to produce some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." Tr. 15.  Plaintiff reported limited daily activities, but the ALJ noted the record reflects she lives by herself and does not need assistance in maintaining her residence or caring for her animals.  Tr. 15.  The ALJ further noted the record reflects Plaintiff worked after her alleged onset date as a babysitter and "on logging watch."  Tr. 15.  Finally, the ALJ noted Dr. Eckstein in her March 2005 psychological evaluation of Plaintiff suggested Plaintiff "may have endorsed items that present an unfavorable impression, leading to an exaggeration of complaints and problems."  Tr. 15, 573.  Dr. Eckstein also noted her opinion "may overrepresent the degree or extent of pathology in certain areas" because of Plaintiff's possible exaggeration. Tr. 573.

On this record, the Court concludes the ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments because the ALJ provided legally sufficient reasons supported by the record for doing so.

10 - OPINION AND ORDER

**II.  The ALJ did not err when he rejected the opinion of Dr. Eckstein.**

Plaintiff contends the ALJ erred when he failed to fully credit the opinion of Dr. Eckstein, examining psychologist, that Plaintiff was in "marked distress" and had "severe impairment in functioning overall."  Tr. 575.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec.*

11 - OPINION AND ORDER

*Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

The ALJ noted Dr. Eckstein's "testing showed exaggeration by [Plaintiff] and [she] acknowledged that her conclusions were tentative and might over-represent the degree of pathology." Tr. 16.  The ALJ also noted Dr. Eckstein's opinion that Plaintiff's long-term drug use likely had a negative effect on her testing and that Plaintiff "had only been clean and sober a very short time at the time of [the] evaluation."  Tr. 16. Finally, the ALJ noted Dr. Eckstein's evaluation of Plaintiff's RFC at 40 was inconsistent with the RFCs of 55 to 69 assigned to Plaintiff by a number of treating and examining nurse practitioners.  Tr. 16.

On this record, the Court finds the ALJ did not err when he rejected Dr. Eckstein's opinion that Plaintiff was in "marked distress" and had "severe impairment in functioning overall" because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## III. The ALJ did not err when he gave limited weight to the opinion of Plaintiff's case manager, Diane Brending.

Plaintiff contends the ALJ erred when he found Plaintiff had only moderate limitations in social functioning and in concentration, persistence, and pace because in doing so he gave limited weight to Diane Brending's opinion that Plaintiff had

12 - OPINION AND ORDER

marked limitations in social functioning and in concentration, persistence, and pace.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout,* 454 F.3d at 1054. In addition, "medical diagnoses are beyond the competence of lay witnesses." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

The ALJ found Brending's opinion was based solely on Plaintiff's subjective complaints and self-reports, which, as Dr. Eckstein noted, may have been exaggerated. In addition, as noted, the ALJ found Brending's assignment of Plaintiff a GAF[2] of 40 to Plaintiff, which indicates serious symptoms (suicidal ideation, severe obsessional rituals, frequent shoplifting) or a serious impairment in social, occupational, or school functioning

---

[2] The GAF scale is used to report a clinician's judgment of the patient's overall level of social, occupational, and psychological functioning on a scale of 1 to 100. Am. Psych. Ass'n, *Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000)

(*e.g.,* few friends, unable to keep a job), was "in sharp contrast to" the GAF assessment of a number of examining nurse practitioners who assigned GAFs of 50 to 69 to Plaintiff.[3] Finally, the ALJ noted Plaintiff is able to take care of her house, her yard, and her pets, which belies a GAF of 40.

On this record, the Court concludes the ALJ did not err when he gave limited weight to Brending's opinion because the ALJ considered her testimony and gave legally sufficient reasons supported by the record for giving her opinion limited weight.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

---

[3] A GAF of 51-60 indicates moderate symptoms (*e.g.,* flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (*e.g.,* few friends, conflicts with peers or co-workers).  A GAF of 61-70 indicates "[s]ome mild symptoms (*e.g.,* depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (*e.g.,* occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." *Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000).

14 - OPINION AND ORDER

Commissioner and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 23rd day of June, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTINE LEE WILLIAMSON,                           09-CV-6156-BR

          Plaintiff,                                OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant

KATHRYN TASSINARI
ROBERT A. BARON
Harder Wells Baron & Manning, PC
474 Willamette Street
Suite 200
Eugene, OR 97401
(541) 343-4527

          Attorneys for Plaintiff

DWIGHT HOLTON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**L. JAMALA EDWARDS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2240

       Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Christine Lee Williamson seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

      Plaintiff filed her application for SSI on October 4, 2005, and alleged a disability onset date of December 31, 1997. Tr. 92-94.[1]  The application was denied initially and on reconsideration.  Tr. 81.  An Administrative Law Judge (ALJ) held

---

      [1] Citations to the official transcript of record filed by the Commissioner on November 12, 2009, are referred to as "Tr."

2 - OPINION AND ORDER

a hearing on March 20, 2008.  At the hearings, Plaintiff was represented by an attorney.  Plaintiff, lay witness Diane Brending, and a vocational expert (VE) testified.  Tr. 20-64.

The ALJ issued a decision on May 30, 2008, in which he found Plaintiff is not entitled to benefits.  Tr. 6-19.  That decision became the final decision of the Commissioner on April 9, 2009, when the Appeals Council denied Plaintiff's request for review. Tr. 1-4.

## BACKGROUND

Plaintiff was born on July 13, 1959, and was 48 years old at the time of the hearing.  Tr. 38.  Plaintiff completed eleventh grade.  Tr. 43, 456.  Plaintiff has past relevant work experience as a housekeeper.  Tr. 123.

Plaintiff alleges she is disabled due to panic disorder, post-traumatic stress disorder (PTSD), arthritis, scoliosis, and hepatitis C.  Tr. 98.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 11-13.

## STANDARDS

The initial burden of proof rests on the claimant to

establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005). To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of
developing the record. *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001). The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Robbins,*

4 - OPINION AND ORDER

466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416,920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a

5 - OPINION AND ORDER

number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the

6 - OPINION AND ORDER

Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since her application date of September 27, 2005. Tr. 11.

At Step Two, the ALJ found Plaintiff has the severe impairments of PTSD, panic disorder, history of depression, history of polysubstance abuse, and personality disorder. Tr. 11.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:  She is unable "to consistently follow detailed or complex instructions[;] . . . to consistently engage in ongoing, cooperative, interactive teamwork endeavors[;] . . . [and] to interact appropriately with the general public."  Tr. 14.  The ALJ also found Plaintiff should not work around dangerous hazards.  Tr. 14.

At Step Four, the ALJ found Plaintiff was capable of performing her past relevant work.  Tr. 17.

At Step Five, the ALJ found even if Plaintiff was not capable of performing her past relevant work, Plaintiff could perform other jobs that exist in significant numbers in the national economy.  Tr. 19.  Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony; (2) improperly rejected the opinion of Judith Eckstein, Ph.D., examining psychologist; and (3) gave only limited weight to the opinion of Plaintiff's case

manager, Diane Brending.

**I.  The ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments.**

Plaintiff alleges the ALJ erred when he failed to provide clear and convincing reasons for rejecting Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the

9 - OPINION AND ORDER

claimant's complaints."  *Id.* (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's medically determinable impairments reasonably could be "expected to produce some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible."  Tr. 15.  Plaintiff reported limited daily activities, but the ALJ noted the record reflects she lives by herself and does not need assistance in maintaining her residence or caring for her animals.  Tr. 15.  The ALJ further noted the record reflects Plaintiff worked after her alleged onset date as a babysitter and "on logging watch."  Tr. 15.  Finally, the ALJ noted Dr. Eckstein in her March 2005 psychological evaluation of Plaintiff suggested Plaintiff "may have endorsed items that present an unfavorable impression, leading to an exaggeration of complaints and problems."  Tr. 15, 573.  Dr. Eckstein also noted her opinion "may overrepresent the degree or extent of pathology in certain areas" because of Plaintiff's possible exaggeration. Tr. 573.

On this record, the Court concludes the ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments because the ALJ provided legally sufficient reasons supported by the record for doing so.

10 - OPINION AND ORDER

## II.   The ALJ did not err when he rejected the opinion of Dr. Eckstein.

Plaintiff contends the ALJ erred when he failed to fully credit the opinion of Dr. Eckstein, examining psychologist, that Plaintiff was in "marked distress" and had "severe impairment in functioning overall."  Tr. 575.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id*. at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec.*

11 - OPINION AND ORDER

*Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

The ALJ noted Dr. Eckstein's "testing showed exaggeration by [Plaintiff] and [she] acknowledged that her conclusions were tentative and might over-represent the degree of pathology." Tr. 16.  The ALJ also noted Dr. Eckstein's opinion that Plaintiff's long-term drug use likely had a negative effect on her testing and that Plaintiff "had only been clean and sober a very short time at the time of [the] evaluation."  Tr. 16. Finally, the ALJ noted Dr. Eckstein's evaluation of Plaintiff's RFC at 40 was inconsistent with the RFCs of 55 to 69 assigned to Plaintiff by a number of treating and examining nurse practitioners.  Tr. 16.

On this record, the Court finds the ALJ did not err when he rejected Dr. Eckstein's opinion that Plaintiff was in "marked distress" and had "severe impairment in functioning overall" because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err when he gave limited weight to the opinion of Plaintiff's case manager, Diane Brending.**

Plaintiff contends the ALJ erred when he found Plaintiff had only moderate limitations in social functioning and in concentration, persistence, and pace because in doing so he gave limited weight to Diane Brending's opinion that Plaintiff had

12 - OPINION AND ORDER

marked limitations in social functioning and in concentration, persistence, and pace.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout,* 454 F.3d at 1054. In addition, "medical diagnoses are beyond the competence of lay witnesses." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

The ALJ found Brending's opinion was based solely on Plaintiff's subjective complaints and self-reports, which, as Dr. Eckstein noted, may have been exaggerated. In addition, as noted, the ALJ found Brending's assignment of Plaintiff a GAF[2] of 40 to Plaintiff, which indicates serious symptoms (suicidal ideation, severe obsessional rituals, frequent shoplifting) or a serious impairment in social, occupational, or school functioning

---

[2] The GAF scale is used to report a clinician's judgment of the patient's overall level of social, occupational, and psychological functioning on a scale of 1 to 100. Am. Psych. Ass'n, *Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000)

13 - OPINION AND ORDER

(*e.g.*, few friends, unable to keep a job), was "in sharp contrast to" the GAF assessment of a number of examining nurse practitioners who assigned GAFs of 50 to 69 to Plaintiff.[3] Finally, the ALJ noted Plaintiff is able to take care of her house, her yard, and her pets, which belies a GAF of 40.

On this record, the Court concludes the ALJ did not err when he gave limited weight to Brending's opinion because the ALJ considered her testimony and gave legally sufficient reasons supported by the record for giving her opinion limited weight.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

---

[3] A GAF of 51-60 indicates moderate symptoms (*e.g.*, flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (*e.g.*, few friends, conflicts with peers or co-workers).  A GAF of 61-70 indicates "[s]ome mild symptoms (*e.g.*, depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (*e.g.*, occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." *Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000).

Commissioner and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 23rd day of June, 2010.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER