IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CHRISTINE LEE WILLIAMSON,**                     3:09-CV-6156-BR

       **Plaintiff,**                              OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security,**

       **Defendant**

**KATHRYN TASSINARI**
**ROBERT A. BARON**
Harder Wells Baron & Manning, PC
474 Willamette Street
Suite 200
Eugene, OR 97401
(541) 343-4527

       Attorneys for Plaintiff

**S. AMANDA MARSHALL**
Acting United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**L. JAMALA EDWARDS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

    Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Christine Lee Williamson's Motion (#21) for Fees under the Equal Access to Justice Act in which she seeks $10,123.81 in attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

For the reasons that follow, the Court **DENIES** Plaintiff's Motion.


## BACKGROUND

Plaintiff filed her application for SSI on October 4, 2005, and alleged a disability onset date of December 31, 1997.  The application was denied initially and on reconsideration.  Tr. 81. An Administrative Law Judge (ALJ) issued a decision on May 30, 2008, in which he found Plaintiff is not entitled to benefits. That decision became the final decision of the Commissioner on April 9, 2009, when the Appeals Council denied Plaintiff's

2 - OPINION AND ORDER

request for review.

On June 4, 2009, Plaintiff sought review of the Commissioner's decision in this Court.

On June 23, 2010, this Court issued an Opinion and Order in which it affirmed the decision of the Commissioner and dismissed this matter with prejudice.

On June 17, 2011, the Ninth Circuit affirmed in part and reversed in part this Court's decision and remanded the matter to the Commissioner for further administrative proceedings.

On September 14, 2011, Plaintiff filed an Application for Fees pursuant to EAJA.

## STANDARDS

Under EAJA the court may award attorneys' fees to a plaintiff's attorney in an action against the United States or any agency or official of the United States if (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorneys' fees are reasonable.  28 U.S.C. § 2412(d)(1)(A).  *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims.  *Hanrahan*

3 - OPINION AND ORDER

*v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions are substantially justified if they are reasonably based on both law and fact. *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

Under EAJA the hourly rate for attorneys' fees is capped at $125.00, but the statute allows the Court to make adjustments for cost of living or other appropriate "special factor[s]." 28 U.S.C. § 2412(d)(2)(A). If the government acts in bad faith, however, fees may be awarded at the market rate rather than at the EAJA-mandated rate. 28 U.S.C. §§ 2412(b), (c). *See also Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990)("The district court may award attorney fees at market rates for the

entire course of litigation . . . if it finds that the fees incurred during the various phases of litigation are in some way traceable to the Secretary's bad faith."). The "bad faith exception is 'a narrow one,' typically invoked in cases of 'vexatious, wanton, or oppressive conduct.'" *Id.* at 495 (quoting *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987), and citing *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116 (1979)). The bad-faith exception "is punitive, and the penalty can be imposed 'only in exceptional cases and for dominating reasons of justice.'" *Beaudry Motor Co. v. Abko Prop. Inc.*, 780 F.2d 751, 756 (9th Cir. 1986)(quoting *United States v. Standard Oil Co.*, 603 F.2d 100, 103 (9th Cir. 1979)).

## DISCUSSION

Plaintiff seeks $10,123.81 in attorneys' fees for 57.5 hours of work performed by two attorneys: Kathryn Tassinari and Robert Baron. It is undisputed that Plaintiff is a prevailing party under EAJA.

Plaintiff contends she is entitled to attorneys' fees at the rates specified in EAJA because Defendant's positions were not substantially justified. Defendant, in turn, contends his positions were substantially justified and taken in good faith.

### I. Standard for substantial justification

"The test for whether the government is substantially

5 - OPINION AND ORDER

justified is one of 'reasonableness.'" *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has held the government's position is substantially justified if there is a "genuine dispute" over which "reasonable people could differ." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). *See also Kenny v. United States*, 458 F.3d 1025, 1032 (9th Cir. 2006)(same). Substantially justified means "justified in substance or in the main"; *i.e.,* "justified to a degree that could satisfy a reasonable person." *Id*. *See also Kenny*, 458 F.3d at 1032. The position does not need to be "justified to a high degree" but need only be "undeserving for sanctions for frivolousness." *Id*. at 565-66. The government has the burden to make this showing. *Gonzales*, 408 F.3d at 618.

The substantial justification standard is a separate and lower standard than the "substantial evidence" standard that governs review of the merits of disability determinations. *Pierce*, 487 U.S. at 568-69. Accordingly, courts have held the Commissioner's position may be substantially justified even if substantial evidence in the record does not support his decision. *Pierce*, 487 U.S. at 566 n.2; *Lewis*, 281 F.3d at 1083.

**II. Analysis**

In its June 23, 2010, Opinion and Order, this Court concluded the ALJ (1) did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects

6 - OPINION AND ORDER

of her impairments; (2) did not err when he rejected the opinion of Judith Eckstein, Ph.D.; and (3) did not err when he gave limited weight to the opinion of Diane Brending, Plaintiff's case manager.

As noted, the Ninth Circuit affirmed in part and reversed in part.  Specifically, the Ninth Circuit concluded the ALJ did not err when he rejected Plaintiff's testimony, when he gave limited weight to Brending's testimony, and when he gave limited weight to Dr. Eckstein's opinion.  Accordingly, the Ninth Circuit affirmed this Court's opinion with respect to those conclusions.  Nevertheless, the Ninth Circuit concluded the ALJ erred when he concluded Plaintiff had moderate limitations in concentration, persistence, and pace, but failed to account for those nonexertional limitations when he assessed Plaintiff's Residual Functional Capacity (RFC) and posed hypothetical questions to the Vocational Expert (VE) that did not include those limitations.  Accordingly, the Ninth Circuit remanded the matter to the Commissioner for further administrative proceedings in which the ALJ was to reevaluate Plaintiff's RFC to include Plaintiff's limitations in concentration, persistence, and pace.

Defendant asserts its position was substantially justified because the Ninth Circuit affirmed the majority of this Court's Opinion and Order and concluded the ALJ did not err in the majority of his findings.  The Court agrees.  The Ninth Circuit

7 - OPINION AND ORDER

remanded as to a limited issue and for a specific purpose. On this record the Court concludes the government's position both at the administrative level and before this Court was "justified . . . in the main" and "to a degree that could satisfy a reasonable person."

Accordingly, the Court denies Plaintiff's Motion for Fees Under the Equal Access to Justice Act.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#21) for Fees under the Equal Access to Justice Act.

IT IS SO ORDERED.

DATED this 9th day of January, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER